[Cite as *State v. Omiecinski*, 2012-Ohio-98.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 90510**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PATRICK OMIECINSKI

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-492609

**BEFORE:**   Boyle, P.J., Sweeney, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   January 12, 2012

**ATTORNEY FOR APPELLANT**
Susan J. Moran
55 Public Square
Suite 1616
Cleveland, Ohio 44113-1901

**ATTORNEYS FOR APPELLEE**
William D. Mason
Cuyahoga County Prosecutor
BY: Pamela Bolton
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

MARY J. BOYLE, P.J.:

**{¶ 1}** This appeal is before this court on remand from the Ohio Supreme Court for application of *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108.

**{¶ 2}** Defendant-appellant, Patrick Omiecinski, pleaded guilty to three counts of sexual battery in August 2007 for events that occurred in September 2006. In September 2007, the trial court classified Omiecinski as a sexually oriented offender and sentenced him to four years in prison. The trial court also informed Omiecinski that he would be subject to five years of postrelease control and "advised" him that, as of January 2008, he would be classified as a Tier III sex offender under the Adam Walsh Act ("AWA" or "S.B. 10").

**{¶ 3}** Omiecinski appealed, challenging his consecutive sentence, his plea, and the AWA as applied to him. See *State v. Omiecinski*, 8th Dist. No. 90510, 2009-Ohio-1066. This court affirmed his consecutive sentence, holding that it was neither contrary to law nor an abuse of discretion, upheld his plea, concluding that the trial court did not err when it failed to inform

him at his plea hearing that he would be subject to the AWA in the future, and determined that his constitutional challenge to the AWA was premature, finding that he had not yet been classified under it. Id. at ¶19, 43, and 45, respectively.

{¶ 4} Omiecinski appealed to the Ohio Supreme Court, which held the appeal for its decision in *Williams*, supra. See *State v. Omiecinski*, 126 Ohio St.3d 1533, 2010-Ohio-3825, 931 N.E.2d 1097.

{¶ 5} The Ohio Supreme Court released its decision in *Williams* in July 2011. It held that "S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." Id., 129 Ohio St.3d at the syllabus.

{¶ 6} Omiecinski committed his offenses prior to the enactment of S.B. 10. A review of the record here, however, reveals that Omiecinski was never classified under S.B. 10. He was sentenced in September 2007 and classified at that time as a sexually oriented offender under Megan's Law. Omiecinski filed his notice of appeal in October 2007. His case has been pending appeal — in this court or the Ohio Supreme Court — since that time. Accordingly, we conclude that Omiecinski's classification as a sexually oriented offender under Megan's Law remains intact, and the Ohio Supreme Court's decision in *Williams* established that he cannot be reclassified under the AWA.

{¶ 7} Having concluded that Omiecinski is classified as a sexually oriented offender, his second assignment of error dealing with his plea is moot (he argued that his plea was invalid because the trial court did not inform him that he would be subject to the AWA in the future).

As for his first assignment of error dealing with his consecutive sentence, our opinion in *State v. Omiecinski*, 8th Dist. No. 90510, 2009-Ohio-1066, released on March 12, 2009, remains valid.

Judgment affirmed.

FRANK D. CELEBREZZE, JR., J., and
JAMES J. SWEENEY, J., CONCUR

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.